## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN LANG** | ) | CASE NO. |
| *on behalf of himself and all others* | ) | |
| *similarly situated*, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST ADVANTAGE BACKGROUND** | ) | |
| **SERVICES CORP.** | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S CLASS ACTION COMPLAINT
### (With Jury Demand)

---

Now comes Plaintiff John Lang, by and through counsel, and for his Class Action Complaint against First Advantage Background Services Corp. ("First Advantage"), states and alleges the following:

### INTRODUCTION

1.      This is a class action under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), to secure redress for First Advantage's failure to follow reasonable procedures to ensure the maximum possible accuracy of the background checks it provided Plaintiff's prospective employers.

2.      First Advantage is a credit reporting agency that collects consumer information and sells background checks to employers investigating job applicants.

3.      In connection with Plaintiff's employment search, First Advantage provided inaccurate background checks to Plaintiff's potential employers which included convictions for

crimes which Plaintiff was neither charged with nor convicted of.

4.      Upon information and belief, the conviction First Advantage attributed to Plaintiff on his background check was for a different "John Lang," a resident of a different state than Plaintiff with a different social security number than that of Plaintiff.

5.      Congress passed the FCRA to protect consumers from the harm caused by such reporting errors.  The FCRA requires, among other things, that all "consumer reporting agencies" ("CRAs") which report credit and criminal background information to employers adopt and implement procedures that "assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

6.      CRAs who report information for employment purposes are obligated to make a *contemporaneous* disclosure to the consumer, at the time the public record information is reported to the employer or other user of the consumer report, of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681k(a)(1).  Such notice must, at a minimum, include the information set forth in the Federal Trade Commission ("FTC") regulations published at 16 C.F.R. § 698, et seq.

7.      In the alternative, CRAs are required to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up-to-date."  15 U.S.C. § 1681k(a)(2).  Information relating to legal matters including arrests and convictions is considered "up-to-date" for these purposes only if it accurately reflects "the current public record status of the item at the time of the report."  15 U.S.C. § 1681k(a)(2).

8.      This inaccurate reporting was not an oversight that affected Plaintiff alone;

instead, it arose due to First Advantage's failure to implement policies and procedures that ensure accurate and timely reporting of criminal background and other consumer information.

9.　　Because of the broad and common impact of Defendant's wrongful practices, Plaintiff sues pursuant to 15 U.S.C. § 1581p on behalf of consumers throughout the country who have been the subject of similar prejudicial, misleading, and inaccurate criminal background reports prepared by First Advantage.  Because First Advantage noncompliance was willful, Plaintiff and class members are entitled to damages provided for by the FCRA.

10.　　Plaintiff alleges an individual claim under 15 U.S.C. § 1681e(b), which required that First Advantage use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff's consumer report.

11.　　Plaintiff also alleges a class claim under 15 U.S.C. § 1681k because First Advantage did not provide Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so.  This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain, and as appropriate, correct information in the furnished report.  It also was intended to alert the consumer to the employer's use of the report to provide the consumer the opportunity to address any concerns or derogatory history in the report directly with the employer.  First Advantage's failure to comply with these long standing requirements denied Plaintiff and each putative class member these important rights.

## JURISDICTION AND VENUE

12.　　The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 29 U.S.C. § 1331.

13.     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

**THE PARTIES**

14.     Plaintiff is and was at all relevant times an Ohio citizen and a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a.

15.     First Advantage is a Georgia corporation with its principal place of business in Atlanta, Georgia.

16.     First Advantage regularly conducts business in Ohio and in this District and Division.

17.     At all relevant times, First Advantage was a CRA as defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS**

**First Advantage's Obligations Under the FCRA**

18.     The FCRA regulates the collection, maintenance, and disclosure of consumer information by CRAs, including public record information.  The statute sets forth specific requirements that CRAs which conduct background checks are required to follow.  Among other things, every CRA "shall maintain reasonable procedures designed to avoid" disclosure of "adverse items of information" other than those set forth in 15 U.S.C. § 1681c (15 U.S.C. § 1681e(a)), and "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

19.     CRAs are required to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up-to-date."  15 U.S.C. § 1681k(a)(2). Information relating to legal matters including arrests and convictions is considered "up-to-date"

for these purposes only if it accurately reflects "the current public record status of the item at the time of the report."  15 U.S.C. § 1681k(a)(2).

20.     A CRA that negligently fails to comply with those requirements is liable for actual damages, litigation costs and attorneys' fees.  15 U.S.C. § 1681o.  In addition, a CRA that willfully fails to comply is liable for statutory damages of at least $100 but not more than $1,000 to each consumer injured, and for punitive damages.  15 U.S.C. § 1681n.

### First Advantage's Unlawful Reporting of Plaintiff's Information

21.     On or about January 19, 2014, Plaintiff applied for a job with Lowe's Companies, Inc.

22.     On or about January 28, 2014, Lowe's interviewed Plaintiff and offered him employment, which Plaintiff accepted.

23.     On or about January 29, 2014, Plaintiff completed new hire paperwork at Lowe's and signed an authorization for a background check to be performed.

24.     On or about January 30, 2014, Plaintiff received an e-mail from First Advantage, requesting information to "complete the employment screen."  Plaintiff provided the requested information the same day.

25.     On or about February 7, 2014, a Lowe's representative contacted Plaintiff and informed him that there was an "adverse event" on the background report provided by First Advantage.

26.     On or about February 7, 2014, Lowe's informed Plaintiff that it was rescinding its offer of employment because of the "adverse event" reported to Lowe's by First Advantage.

27.     On or about February 7, 2014, Plaintiff requested First Advantage's contact information from Lowe's.

- 5 -

28.     On or about February 7, 2014, Plaintiff contacted First Advantage who informed Plaintiff that the "adverse event" was a misdemeanor conviction in Lee County, Florida.

29.     First Advantage informed Plaintiff that the "adverse event" matched Plaintiff's first name, middle name, last name, date of birth, and social security number.

30.     Plaintiff has never been convicted of a misdemeanor in Lee County, Florida.

31.     On or about February 7, 2014, Plaintiff appealed the inclusion of the "adverse event" with First Advantage.  First Advantage confirmed receipt of the required documentation the same day.

32.     On or about February 7, 2014, Plaintiff performed a Google search and quickly determined that the "adverse event" First Advantage reported was attributable to a different John Lang, and that John Lang did not match the five enumerated criteria (i.e., first name, middle name, last name, date of birth, and social security number) as previously indicated by First Advantage.  Plaintiff forwarded this information to First Advantage.

33.     On or about February 10, 2014, Plaintiff contacted First Advantage who confirmed that the adverse event had been removed and an updated report had been submitted to Lowe's.

34.     On or about February 11, 2014, Lowe's informed Plaintiff that the matter had been cleared and he was now eligible for employment with Lowe's.

35.     On or about February 12, 2014, Plaintiff began employment with Lowe's.

36.     Despite the clear and unambiguous requirements of the FCRA, First Advantage failed to contemporaneously notify Plaintiff of the fact that public record information about him was being reported; failed to maintain strict procedures designed to ensure that Plaintiff's information was complete and up-to-date; and failed to utilize reasonable procedures to assure

the maximum possible accuracy of the adverse information it reported to Plaintiff's potential employer.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff is informed and believes, and on that basis alleges, that First Advantage's failure to provide his prospective employer with timely and accurate information was not an isolated occurrence, but was the direct result of First Advantage's customary business practices. On information and belief, as a matter of nation-wide policy and practice, First Advantage regularly reports information about individuals' criminal record history, which information is inaccurate, incomplete, outdated, or otherwise appears more serious than it actually is.

38.     First Advantage's practices and procedures described herein affected and continue to affect Plaintiff and other consumers who have not been charged with or convicted of charges included on their background checks, or whose convictions have been expunged or otherwise dismissed.

39.     Plaintiff brings this action individually and on behalf of a class defined as:

> All natural persons within the United States who, during the five years preceding the filing of this action, were the subject of a consumer report furnished to a third party by First Advantage for employment purposes, whose report contained adverse information of a criminal arrest, charge, or conviction, and who were not contemporaneously notified of the fact that public record information was being reported by First Advantage.

40.     The Class is so **numerous** that joinder of all members is impracticable.  Although the precise number of Class members is known only to First Advantage, Plaintiff is informed and believes and on that basis alleges that the Class is comprised of hundreds or thousands of consumers.  First Advantage sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents,

produced by the same online system, practices and procedures applicable to all subjects of the reports.

41.     The identities of the individual Class members should be readily ascertainable from First Advantage's records.  Notice may be mailed to Class members using the public record information in First Advantage's files, as updated through the National Change of Address Registry.

42.     There is a significant community of interest among the Class members, as there are questions of law and fact **common** to the Class that **predominate** over any questions affecting only individual Class Members. Those questions include:

> a.     Whether First Advantage violated 15 U.S.C. § 1681k by failing to contemporaneously notify consumers of the fact that public record information was being reported by the CRA;
>
> b.     whether First Advantage violated 15 U.S.C. § 1681k by failing to maintain strict procedures to assure that the criminal record information furnished to its customers is complete, accurate, and up-to-date; and
>
> c.     whether those violations were negligent, intentional, willful, or malicious.

43.     Plaintiff's claims are **typical** of the claims of each Class member.  Plaintiff is entitled to relief under the same causes of action as the other members of the class.

44.     Plaintiff is an **adequate** representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent. He has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

45.     Questions of law and fact common to the Class members predominate over

questions affecting only individual members, and a class action is **superior** to other available methods for fair and efficient adjudication of this controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by First Advantage's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by First Advantage's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e**
**(on behalf of Plaintiff)**

46.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff.

48.     As a result of this conduct by First Advantage, Plaintiff suffered actual damages.

49.     First Advantage's violations of 15 U.S.C. § 1681e(b) were willful, rendering First Advantage liable pursuant to 15 U.S.C. § 1681n.  In the alternative, First Advantage was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorneys' fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**SECOND CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681k**
**(on behalf of Plaintiff and the Class)**

51.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52.     The FCRA enumerates several requirements for consumer reporting agencies that furnish consumer reports for employment purposes.

53.     15 U.S.C. § 1681k(a) provides in relevant part that a consumer reporting agency that furnishes a consumer report for employment purposes "and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall":

> maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

54.     In the ordinary and regular course of its business, First Advantage violates the FCRA in at least the following ways:

(a)     Failing to notify consumers contemporaneously of the fact that criminal record information was being sent to prospective employers, including failing to ensure that consumers receive all of the information required by the notice regulations issued by the FTC and/or the Consumer Finance Protection Bureau;

(b)     Failing to maintain strict procedures to assure that the information provided to

- 10 -

employers and prospective employers is complete and up-to-date; and

(c)     Failing to utilize procedures designed to assure maximum possible accuracy of the adverse information sold to prospective employers.

55.     At all times relevant herein, First Advantage knew or should have known that its policies and procedures were inadequate to protect the public and did not comply with the requirements of the FCRA.  First Advantage's violations were numerous, repeated, willful, malicious, intentional, and in reckless disregard for federal law and the rights of the Plaintiff and Class members.

56.     First Advantage's failure to timely provide the required FCRA notices to Plaintiff and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

57.     First Advantage's violation of the FCRA was willful within the meaning of 15 U.S.C. § 1681n.  First Advantage is therefore liable to Plaintiff individually for his actual damages, statutory and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action.  First Advantage is liable to the Class for statutory and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action.

58.     In the alternative, First Advantage was negligent, entitling Plaintiff individually to recover his actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

Plaintiff seeks judgment in favor of himself and the Class for the following:

A.     An Order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

B.      An Order tolling Plaintiff's and the other class members' statute of limitations on April 29, 2014, the date *Miller v. First Advantage Background Services Corp.*, N.D. Ill. Case No. 1:14-cv-03097 was filed alleging substantially similar allegations as those alleged herein;

C.      Statutory damages in an amount not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

D.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

F.      Such other and further relief as may be just and proper.

Plaintiff also seeks judgment in favor of himself individually for the following:

G.      Plaintiff's actual damages, in an amount to be determined by the jury at trial;

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**          **CHAVEZ & GERTLER LLP**

/s/ Jason R. Bristol
Jason R. Bristol (0072989)                        Christian Schreiber*
jbristol@crklaw.com                               (*pro hac vice motions forthcoming)
Joshua R. Cohen (0032368)                         42 Miller Ave.
jcohen@crklaw.com                                 Mill Valley, CA 94941
Joshua B. Fuchs (0087066)                         Phone: (415) 381-5599
jfuchs@crklaw.com                                 Fax: (415) 381-5572
The Hoyt Block Building – Suite 400               christian@chavezgertler.com
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

Counsel for Plaintiff

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Jason R. Bristol
One of the Attorneys for Plaintiff