UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
JOHN LANG,                                    :
                                              :
    Plaintiff,                        :       CASE NO. 15-CV-2436
                                              :
vs.                                           :
                                              :
FIRST ADVANTAGE BACKGROUND                    :       OPINION AND ORDER
SERVICES CORP.,                               :       [Resolving Doc. 16]
                                              :
    Defendant.                        :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff John Lang sues Defendant First Advantage Background Services Corp. ("First Advantage") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.[1] First Advantage moves to transfer this case to the Western District of North Carolina, a venue where another case involving similar claims is pending. Alternatively, First Advantage asks this Court to stay the proceedings.[2] For the following reasons, the Court **DENIES** Defendant First Advantage's motion to transfer or stay.

## I. Background

    In January 2014 Lang started work at a Lowe's home improvement store. In February 2014 Lowe's conducted a background check on Lang through Defendant First Advantage. The background check's public records report erroneously said that Lang had a criminal background. Lowe's terminated Lang's employment because of First Advantage's mistaken report of a criminal conviction. Additionally, First Advantage allegedly did not send Lang a notice of the background check's report.

---

[1] Doc. 1.
[2] Doc. 16. Plaintiff opposes. Doc. 20.

Case No. 15-cv-2436
Gwin, J.

Lang disputed the criminal history information, and First Advantage corrected the error. Lowe's rehired Lang. Lang was out of work for five days.

In November 2015, Lang filed the complaint in this case in the Northern District of Ohio.[3] He brings two claims against First Advantage: (1) for failing to have reasonable procedures to ensure accurate public records reporting in violation of 15 U.S.C. § 1681e on behalf of himself and (2) for failing to provide contemporaneous reporting notifications, failing to maintain procedures for providing accurate public records information to prospective employers, and failing to have procedures to ensure accurate public records reporting on behalf of himself and nation-wide putative class members under 15 U.S.C. § 1681k.

On January 27, 2016, Defendant First Advantage moved to transfer venue to the Western District of North Carolina, or alternatively, stay the case pending the outcome of the somewhat-similar *Brown* case.[4] First Advantage says that because the cases are similar and because *Brown* was filed first, this Court should transfer venue under the first-to-file rule or under 28 U.S.C. § 1404(a).

On February 19, 2016, Plaintiff Lang filed his opposition. He argues that that the Court should retain venue because the balance of equities does not favor transfer and because Plaintiffs could not seek injunctive relief if the case is transferred to North Carolina.

## II. Legal Standard

When the first-to-file rule has been properly raised, a district court presiding over the second-filed case has four options: (1) dismiss the case without prejudice;[5] (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court

---

[3] Neither party disputes that the Northern District of Ohio is a proper venue for this case.
[4] *Brown et al v. Lowe's Companies, Inc. et al.*, Case No. 5:13-CV-79-RLV-DSC (W.D.N.C.). Lowe's is not a defendant in this case. However, LexisNexis Screening Solutions is now known as First Advantage Background Services, the Defendant in this case.
[5] Defendant does not seek a dismissal.

-2-

Case No. 15-cv-2436
Gwin, J.

> decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption.[6]

Under Sixth Circuit law,

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." . . . District courts have the discretion to dispense with the first-to-file rule where equity so demands.[7]

In deciding whether to transfer a case pursuant to the first-to-file rule, the Court looks to three factors: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake."[8]

Alternatively, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Sixth Circuit requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[9]

District courts also have discretion to grant stays in cases that have overlapping issues with earlier-filed cases.[10]

Finally, district courts may "proceed[] without interruption . . . when the district court has determined that the first-to-file rule, either by its own terms or by a quirk of equity, does not apply."[11]

---

[6] *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376, at *2 (N.D. Ohio Dec. 9, 2013).
[7] *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir.1984)).
[8] *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 904 (N.D. Ohio 1999) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)).
[9] *Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 1:10-CV-02713-JG, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991)).
[10] *See NanoLogix*, 2013 WL 6443376, at *3 (collecting cases).

Case No. 15-cv-2436
Gwin, J.

### III. Discussion

Defendant First Advantage raises the first to file issue. Several of the factors, including the timing of the filings here and in the *Brown* case[12] and some overlap of claims and parties, favor transfer under the rule. However, the balance of the factors and other equitable factors outweigh transfer.

First, there is not complete overlap in the parties. Plaintiff Lang is not a party in the *Brown* case. Lowe's is a party in the *Brown* case but not here. None of the *Brown* plaintiffs are parties in this case.

Second, the *Brown*'s litigation has focused on the claims against Lowe's, not on the claims against Defendant First Advantage. Many of *Brown's* claims and putative classes deal with Lowe's only. As a result, there are many issues at stake in the Lowe's case that are not in this case.

Finally, the equities do not favor a transfer in this case. Plaintiff Lang says that "The *Brown* plaintiffs . . . . have prioritized their claims against Lowe's, and left their class claims against First Advantage to languish under the auspices of five different stay orders."[13] The Court finds this delay a strong reason against the motion to transfer.[14]

Defendant First Advantage alternatively moves the Court to transfer the case under 28 U.S.C. § 1404(a). The § 1404(a) standard does not support the motion to transfer.

North Carolina is not a more convenient location for the parties. Neither party resides in North Carolina. While North Carolina may be closer to Defendant's home state of Georgia than

---

[11] *Id.* (citing *Hertel v. Bank of America, N.A.*, No. 1:11–CV–757, 2012 WL 4051220 (W.D. Mich. Sept.13, 2012)).
[12] Both parties acknowledge that the *Brown* case commenced before Plaintiff Lang filed the complaint in this case.
[13] Doc. 20 at 12. *See also* Doc. 20-1 at 16–19.
[14] Lang also argues that he will be foreclosed from seeking injunctive relief down the line because injunctive relief is not available in FCRA actions in North Carolina. However, since Lang admits that it is still uncertain whether FCRA injunctive relief is available in the Sixth Circuit and because Lang has not yet amended his complaint or filed for injunctive relief, the Court will not consider this rationale in support of denying the motion to transfer.

Case No. 15-cv-2436
Gwin, J.

is the Northern District of Ohio, this does not justify a transfer. There will likely be witnesses to be deposed or called to testify from the Northern District of Ohio, Western District of North Carolina, and elsewhere in this case. This factor does not favor transfer.

As discussed above, the public interest concerns in this case, including the delay in litigation in the transferee venue, also favor denying the motion to transfer.

For similar reasons, this Court finds a stay to be inappropriate in this case. The *Brown* case has not advanced far since its 2013 filing. This delay means that Defendant will not be unduly prejudiced by conducting discovery in this case. It also means that transfer will likely result in undue delay in relief for Plaintiff, if he is entitled to any.

Therefore, in the interest of avoiding undue delay and because retaining the case will not result in undue prejudice to Defendant, this Court will "proceed[] without interruption"[15] in the litigation of this case. This Court **DENIES** Defendant First Advantage's motion to transfer or stay.

IT IS SO ORDERED.

Dated: February 24, 2016                           *s/        James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[15] *NanoLogix*, 2013 WL 6443376, at *3.

-5-