UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOHN LANG,                                                          :
:           CASE NO. 15-CV-2436
           Plaintiff,                                              :
:
v.                                                                  :           OPINION & ORDER
:           [Resolving Doc. 28]
FIRST ADVANTAGE BACKGROUND                      :
SERVICES CORP.,                                             :
:
           Defendant.                                              :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this Fair Credit Reporting Act case jointly propose a protective order allowing them to limit public disclosure of information they designate as confidential.[1]

Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[2]

Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[3] "Thus, documents filed in the court generally must be made available to the public."[4] Moreover, even if all parties jointly seek a protective order or propose a confidentiality agreement, this does not overcome the general rule against sealing cases and documents.[5]

---

[1] Doc. 28.
[2] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984)).
[3] *Brown & Williamson*, 710 F.2d at 1178; *see also Wilson v. Am. Motor Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (noting that "trials are public proceedings" and access to court records preserves "the rights of the public, an absent party").
[4] *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790-91 (6th Cir. 2010).
[5] *Procter & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against

Case No. 15-cv-2436
Gwin, J.

In order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm."[6] This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

The parties' proposed protective order is broad and unspecific. The movants ask for blanket authority to designate documents as confidential that they mark as "Confidential Information."[7] However, they have failed to make any specific showing that public disclosure of particular information might cause serious harm or is otherwise warranted.[8]

The parties must redact social security numbers, bank account numbers, and dates of birth from filings.[9] Should the parties want additional protections, they must make a specific showing to this Court.

IT IS SO ORDERED.

Dated: April 16, 2016                    *s/          James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

"turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

[6] *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F.Supp.2d 743 (E.D. Mich. 2001).
[7] Doc. 28-1 at 2–3.
[8] *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80. *See also* Local Rule 8.1 (discussing the promotion of electronic access to case files while also protecting personal privacy and other legitimate interests).
[9] Local Rule 8.1.